

New York | Miami
Established 1946
ghsklaw.com

November 14, 2024

Michael P. Richter (mrichter@ghsklaw.com)
107 Greenwich Street, 25th Floor
New York, New York 10006
Direct Dial: (332) 232-1620
Fax: (212) 682-1850

**VIA ECF AND EMAIL**
   Hon. Analisa Torres (Torres_NYSDChambers@nysd.uscourts.gov)
   Daniel Patrick Moynihan
   United States Courthouse
   500 Pearl Street
   New York, New York 10007-1312

   Re:   *Kallman et al v. Kallman et al,* 1:24-cv-08291-AT (the "Action")

Dear Judge Torres:

   I write on behalf of Plaintiffs to respectfully request an immediate stay of UBS's Motion to Compel Arbitration (the "Arbitration Motion" at ECF Nos. 21-23). Currently before the Court is Plaintiff's motion to remand the Action back to the New York state court system (the "Remand Motion" at ECF Nos. 12, 14, 20.)[1] That motion was filed before UBS filed its Arbitration Motion. The Court and the parties should not unnecessarily expend resources addressing the Arbitration Motion if Your Honor grants Plaintiffs' Remand Motion. If Your Honor denies the Remand Motion, then the parties can set a briefing schedule on the Arbitration Motion. This procedure will be more efficient for the Court and the parties.

   As the Court may recall, Plaintiffs sought remand in accord with Your Honor's decision in *Nanavati v. New Sch. for Soc. Rsch.*, 2020 WL 1876359 (S.D.N.Y. Apr. 15, 2020). Among other factors, *Nanavati* considers how far a case has progressed when deciding a motion for remand. (ECF No. 12 at 2-3, ECF No. 20 at 5.) Plaintiffs Remand Motion demonstrates that remand is even more appropriate here than it was in *Nanavati*. (ECF 20 at 5.) Importantly, Plaintiffs filed the Remand Motion immediately after Defendants' notice of removal. Nothing has happened in this Action, except that Justice Silvera, the Administrative Judge for New York County, has likewise found that the Action exclusively concerns non-commercial issues of New York state law, including in particular New York's Estates, Powers & Trust Law (the "EPTL"). (ECF No. 20-1.)

   While the Remand Motion was pending, UBS, effectively presuming a decision by this

---

[1] Even though UBS already submitted an opposition letter to the Remand Motion, UBS contends it can submit a further opposition. This would be inefficient and unnecessary. For the reasons stated in our papers, the Remand Motion is fully briefed and ripe for adjudication. (ECF Nos. 12, 14, 20.)

**New York**  107 Greenwich Street, 25th Floor, New York, NY 10006
T. 212.682.1800 | F. 212.682.1850

**Miami**  1001 Brickell Bay Drive, Suite 1504 Miami, FL 33131
T. 305.908.1100 | F. 305.912.0420

Court denying remand, subsequently filed the Arbitration Motion. UBS could have, and should have, waited for this Court to rule on Plaintiffs already pending Remand Motion before filing its Arbitration Motion so that the parties, and this Court, would know which court will hear that motion, as well as all the remaining litigation in this case.

Pursuant to Your Honor's Individual Practices ¶ I.C, Plaintiffs note that, in response to UBS's statement that it intended to move for arbitration, Plaintiffs previously made one request for such a stay in their letter dated November 11, 2024. (ECF Nos. 14 and 20.) After UBS filed the Arbitration Motion on November 13, Plaintiffs requested that UBS consent to a stay, but UBS refused and instead contends "that the Court should, as a matter of discretion, decide this [Arbitration Motion] before it considers the Remand [Motion], insofar as the Remand [Motion] does not (and cannot) dispute this Court's subject-matter jurisdiction." (ECF No. 22 at 10.)

We respectfully submit that UBS's position makes no sense. Why ask this Court to litigate a complex motion to compel arbitration when this Court may likely decide, in accord with *Nanavati*, that the Action should properly be remanded to state court? UBS's position is not based on any precedent and would unnecessarily waste the resources of the Court and the parties should the Court grant the Remand Motion.

It is worth noting that the Arbitration Motion puts into stark relief the state law issues that Defendants are asking this Court to litigate, further supporting why remand is appropriate. Plaintiff has filed multiple causes of action, many of which, as Justice Silvera already ruled, sound in tort and negligence. The Arbitration Motion will be complex and concern, potentially among other things, state law issues of potential severability of claims and issues concerning the various causes of action brought by Plaintiff in his individual capacity. These are all complex matters of state law properly suited to be decided in state court.

These circumstances buttress the arguments set forth in Plaintiffs' letters dated November 5 and 11 seeking remand. (ECF Nos. 12 and 20). The Action should be remanded to the New York state courts because (i) it exclusively concerns issues arising under New York state law, including, notably, the EPTL, which Justice Silvera emphasized in his ruling dated November 1, (ii) the Trust expressly and unequivocally requires disputes to be resolved in New York state court and (iii) the Action has not sufficiently progressed in this Court. (ECF Nos. 12, 20.)[2] For all these reasons, we respectfully submit that the Court should stay UBS's Arbitration Motion until it has decided Plaintiff's Remand Motion.

Thank you for your consideration of this matter.

---

[2] UBS also refused to call the Court with Plaintiffs to further alert the Court to Plaintiffs request for an immediate stay. (Ex. 1.) The Court has not yet ruled on Plaintiffs one previous request to stay the Arbitration Motion pending a ruling on the Remand Motion.

                              Respectfully submitted,

                              */s/ Michael P. Richter*

                              Michael P. Richter

cc: All counsel of record via ECF and email

Enclosure.