USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/20/2024_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Richard Kallman as Co-Trustee of the Kallman Family Irrevocable Trust and Richard Kallman Individually,

                Plaintiffs,

-against-

Kineret Kallman as Co-Trustee of the Kallman Family Irrevocable Trust, Kineret Kallman Individually, Ira Allen Walker, UBS Financial Services, Inc., and Unknown UBS Employees 1-10,

                Defendants.

24 Civ. 8291 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff Richard Kallman, acting individually and as co-trustee of the Kallman Family Irrevocable Trust (the "Trust"), commenced this action against Defendants in Supreme Court, New York County, asserting claims in connection with the Trust. *See generally* Compl., ECF No. 1-1. Defendants removed the action under 28 U.S.C. § 1441(a), pointing to a statement in Kallman's complaint that referred to the federal Investment Advisers Act of 1940 as a basis for federal question jurisdiction. *See* NOR ¶¶ 17–18, ECF No. 1. Kallman then amended the complaint to remove the reference to the Act, *see generally* Am. Compl., ECF No. 11, and now moves to remand the action to state court, Mot., ECF No. 12. The motion is GRANTED.

## BACKGROUND

    Kallman's original complaint asserted thirteen causes of action in connection with the Trust, twelve of which arise under state law. Compl. ¶¶ 165–243. One cause of action, however, alleged that Defendants breached fiduciary duties owed to Kallman by "virtue of the Investment Advisers Act of 1940." *Id.* ¶ 175.

    Defendants removed this action based on federal question jurisdiction. NOR ¶ 17 ("Removal of this action is proper because Count III of the Complaint, to the extent it alleges breaches by Mr. Walker, UBS, and the Unknown Defendants of fiduciary duties that exist '[b]y virtue of' the Advisers Act, asserts a claim created by the Advisers Act and therefore falls within this Court's subject matter jurisdiction under 28 U.S.C. § 1331.").[1] Kallman then

---

[1] In their Notice of Removal, Defendants pointed to the original complaint's reference to the Investment Advisers Act of 1940 as the only basis for federal question jurisdiction, and asserted that all other remaining claims fell within the Court's supplemental jurisdiction. NOR ¶¶ 20–21. Defendants now argue that "multiple claims asserted by [Kallman] arise under federal law," including Kallman's willful misconduct, negligent retention, negligent supervision, and *respondeat superior* claims. Def. Letter at 3, ECF No. 29. The Court disagrees; the remaining

amended the complaint, asserting the same thirteen causes of action but removing the reference to the Investment Advisers Act of 1940.  *See* Am. Compl.; Mot. at 1.

## DISCUSSION

District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *Id.* § 1441(a).

For removal purposes, "the presence or absence of subject matter jurisdiction is determined based on the complaint in effect at the time of removal and a post-removal amendment of the complaint that deletes all federal claims, leaving only pendent state claims, does not divest the district court of its properly triggered subject matter jurisdiction." *Pac. Legwear, Inc. v. Sizemore*, No. 16 Civ. 2064, 2016 WL 2766664, at *2 (S.D.N.Y. May 11, 2016) (emphasis omitted) (internal quotation marks omitted). When "plaintiffs drop their federal claims, federal courts have the discretion to determine whether to remand the state claims or to retain the supplemental jurisdiction that was acquired at the time of removal under 28 U.S.C. § 1367." *Spehar v. Fuchs*, No. 02 Civ. 9352, 2003 WL 23353308, at *7 (S.D.N.Y. June 18, 2003) (citing *Carnegie-Melon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). But "when all federal claims are eliminated in the early stages of litigation, the balance of factors generally favors declining to exercise [supplemental] jurisdiction over remaining state law claims." *Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 103 (2d Cir. 1998) (citing *Cohill*, 484 U.S. at 350).

This action is in the early stages of litigation and has not materially advanced.[2] The Court has issued no orders that would have to be reconsidered or modified upon remand. The parties have yet to attend an initial pretrial conference, let alone begin discovery. District courts typically remand actions under these circumstances. *See, e.g.*, *Nanavati v. New Sch. for Soc. Rsch.*, No. 20 Civ. 935, 2020 WL 1876359, at *2 (S.D.N.Y. Apr. 15, 2020) ("Because this action is still in the early stages of litigation, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and remands the case to state court." (citation omitted)); *Pac. Legwear*, 2016 WL 2766664, at *4 ("Given the relatively early state of the case . . . the traditional 'values of judicial economy, convenience, fairness, and comity' that the Court must consider[] do not counsel in favor of exercising jurisdiction." (citation omitted)); *Certilman v. Becker*, 807 F. Supp. 307, 310 (S.D.N.Y. 1992) ("The pleadings were amended early in the litigation with no prejudice to defendants, and a remand to state court would merely effectuate

---

claims do not "arise under federal law[] because the federal issue[s] would not be substantial." *Munn v. APF Mgmt. Co.*, No. 19 Civ. 10791, 2020 WL 7264471, at *7 (S.D.N.Y. Dec. 10, 2020).

[2] Although Defendants have filed two motions to compel arbitration, *see* ECF Nos. 21, 25, any prejudice to Defendants is minimal; Defendants may file nearly identical motions in state court. The Court thus DENIES Defendants' request that the Court decide the motions to compel arbitration before addressing Kallman's motion to remand.

plaintiffs' original choice of a state forum. In such a case, the federal courts' traditional aversion to forum-shopping is not substantially implicated."). Because this action is still in the early stages of litigation, the Court declines to exercise supplemental jurisdiction and remands the case to state court.[3] *See Tops Mkts.*, 142 F.3d at 103.

## CONCLUSION

For the foregoing reasons, Kallman's motion to remand is GRANTED. This action is REMANDED to Supreme Court, New York County. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 12, terminate any pending motions as moot, and close the case.

SO ORDERED.

Dated: November 20, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] The Court DENIES Defendants' request that the Court defer its decision on Kallman's motion to remand until twenty-one days after the Supreme Court issues its decision in *Royal Canin U.S.A. v. Wullschleger*, No. 23-677. Def. Letter at 7. In *Royal Canin*, the Supreme Court will address whether post-removal amendment of a complaint to remove federal claims necessarily divests a district court of federal question jurisdiction and supplemental jurisdiction. Those questions have no bearing on this Court's analysis here, because even if the Court's *Royal Canin* decision "d[oes] not categorically *require* remand, there is no question that courts can decline supplemental jurisdiction after federal claims have been eliminated from a complaint." *Smith v. Allstate Ins.*, No. 24 Civ. 321, 2024 WL 2728524, at *2 (D. Minn. May 23, 2024) (emphasis added); *see also Cohill*, 484 U.S. at 350. For the reasons stated above, this Court declines to exercise supplemental jurisdiction over the remaining state law claims.